UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                   2:09-cr-14-FtM-29SPC

ANDREW F. BELITSKY
_____

**OPINION AND ORDER**

On February 9, 2011, the Court entered an Opinion and Order (Doc. #174) which (1) denied defendant's motion for judgment of acquittal and motion for new trial (Doc. #155), (2) took under advisement defendant's *pro se* Supplement (Doc. #162) to the motion for new trial as to claims of ineffective assistance of trial counsel, and (3) scheduled an evidentiary hearing. Defendant's Supplement (Doc. #162) raises the following claims of ineffective assistance of trial counsel: (1) Failure to file a motion to suppress both of defendant's computers on the grounds that they had twice been tampered with by the Federal Bureau of Investigation (FBI); (2) Failure to file a motion asserting prosecutorial misconduct because the prosecutor, the FBI agent, and defendant's first attorney had changed discovery material in connection with a gun safe, and failure to cross examine the agent at trial about the gun safe; (3) Failure to file a motion to suppress because of "problems" with the search warrants; (4) Failure to file a motion to compel the prosecution to allow examination of the original two

mirror images of the contents of his computers, which disappeared and the FBI then ran off two radically different new mirror images to be examined, and failure to examine the witnesses as to why the FBI made a second set of mirror images; (5) Failure to subpoena Officer Fabio Nahmens, who defendant believed perjured himself three times at defendant's first trial, to testify at the second trial as defendant had demanded; (6) Failure to obtain dismissal because of computer history anomalies, as represented by the government; and (7) Failure to prepare for trial.

On the day set for the evidentiary hearing, the Court granted defendant's requests for substitution by retained counsel and a continuance of the evidentiary hearing (Doc. #185). The Court ultimately conducted the evidentiary hearing on April 26, 2011, and July 22, 2011, hearing testimony from defendant, defendant's trial attorney Michael Walsh, who had represented defendant at both of his trials, and Joshua Restivo, defendant's computer expert. The Court has also received subsequent legal memoranda from the parties (Docs. ## 225, 228, 229).

To establish he received ineffective assistance of counsel, defendant must show both that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then

determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010).

As to the performance prong, the United States Constitution imposes one general requirement: "that counsel make objectively reasonable choices." Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009). This always requires a deferential review of counsel's conduct, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011). To show deficient performance, "defendant must show that his counsel's conduct fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Rose, 634 F.3d at 1241 (citation omitted). To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose, 634 F.3d at 1241; Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Further, "strategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

limitations on investigation." Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir.), cert. denied, 131 S. Ct. 177 (2010) (quoting Strickland, 466 U.S. at 690-91). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

To establish prejudice under Strickland, defendant must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (internal quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Court finds that defendant has failed to meet his burden of establishing either deficient performance or prejudice. Defendant has not established even a potential viability of a motion to suppress the computers seized from his residence on the ground that they had been tampered with twice by the FBI. Additionally, defendant has failed to establish a reasonable basis to have challenged the search warrant. Defendant's claims of prosecutorial misconduct because the prosecutor, the FBI agent, and defendant's first attorney had changed discovery material in connection with a gun safe is not supported by credible evidence, and defense counsel did cross-examine the agent at trial about the gun safe. Even defendant's expert does not support defendant's theory concerning different mirror images, and defense counsel adequately cross-examined the government's witness concerning the computers, their contents, and chain of custody. Defense counsel's failure to call Officer Nahmens as a defense witness was imminently reasonable under the circumstances of this case. Defendant has not presented any credible evidence which would have supported dismissal of the indictment because of computer history anomalies, and the Court finds that defense counsel was adequately prepared for both trials.

The Court has also considered the additional instances of alleged ineffective assistance of trial counsel raised in memoranda by current counsel which were not asserted in the motion. The

Court finds that the credible testimony fails to support any finding of deficient performance or resulting prejudice.

Accordingly, it is now

**ORDERED**:

Defendant's Supplemental Motion for a New Trial (Doc. #162) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of January, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record